GRISWOLD *vs.* SEDGWICK and others.

In an action of *false impris- onment* against four defend- ants, where one of them is, on the trial of the cause, acquitted by verdict, he is entitled to recover costs against the plaintiff, although he joined in pleading with one of the other de- fendants against whom a verdict is rendered.

So judgment having been rendered on demurrer in favor of the defendant who was acquit- ted at the trial, and of another against whom a verdict was found on the plea of not guilty, the plea put in by them going to the whole declaration having been adjudged good; it was held that such two defendants were entitled to their full costs of the trial as well as of the demurrer; a single bill of costs, however, being allowed to both such defendants.

MOTION as to costs. The plaintiff sued R. Sedgwick, H. D. Sedgwick, T. Morris and R. Reid, in an action of false

imprisonment. R. & H. Sedgwick pleaded jointly the general issue, and a special plea of justification. Morris and Reid put in the same pleas separately. The plaintiff replied to the special plea of the Sedgwicks, and demurred to the special pleas of Morris and Reid. The Sedgwicks demurred to the replication.

The plaintiff took his cause down to trial before the issues in law were determined, and obtained a verdict of six cents against H. D. Sedgwick, Morris and Reid. R. Sedgwick was acquitted. On the demurrer to the pleas of Morris and Reid, judgment was given for the plaintiff; and on the demurrer to the replication, judgment was given for the Sedgwicks, and leave was refused to the plaintiff to amend. The parties proceeded to the taxation of their costs. The taxing officer decided that H. & R. Sedgwick were entitled to the costs of the demurrer decided in their favor, but not to the costs of the defence generally; that R. Sedgwick was not entitled to the costs of his pleas and of the trial; and that the plaintiff was entitled to his full costs on the issues, and on the demurrers decided in his favor against the *three* defendants against whom the verdict was rendered; and taxed the costs in conformity to those decisions. Judgment was signed against those three defendants for the costs thus taxed. A motion was made to set aside the judgment for costs against H. D. Sedgwick, and for a retaxation of the costs.

*R. Sedgwick*, for defendants.

*G. D. Post*, for plaintiff.

*By the Court*, MARCY, J. It is necessary to the correct determination to the question of costs in this case, first to ascertain the effect of the judgment in favor of H. D. & R. Sedgwick, on the demurrer to the plaintiff's replication in answer to the special plea of justification put in by them. By the judgment, the plea of justification was adjudged good, and the court will not look beyond the record to inquire whether the demurrer was sustained on a technical ground, or on the merits. It is an established principle, that where a defendant pleads several pleas in bar, each going to the

*In the margin:*

whole declaration, if he succeeds upon any one plea he has judgment, although the plaintiff may succeed on the other pleas. The judgment on the demurrer, therefore, was equivalent to a finding of the jury in favor of both the Sedgwicks on an issue joined on this plea. Consequently the judgment entered against H. D. Sedgwick was irregular, and must be set aside.

The costs of the demurrer are allowed to the Sedgwick's by the taxing officer, and they now ask to be also allowed the costs of the trial. One of them, Robert Sedgwick, was acquitted by the jury; the other, Henry D. Sedgwick, having succeeded on a plea adjudged to be good on demurrer, must also be considered as acquitted, notwithstanding that on another plea he was found guilty on the trial. The question therefore is whether a plaintiff, who has succeeded in obtaining a verdict against two, out of four defendants, is liable to pay costs to the defendants who are acquitted. By the second section of our act concerning costs, (1 R. L. 343,) it is provided that if a verdict pass *against a plaintiff*, the defendant shall have judgment to recover his costs. This section embraces the substance of a number of English statutes, passed previous to the reign of William III., the construction of which has been, that unless *all* the defendants impleaded in an action are acquitted, the plaintiff is not liable to pay costs to any; but is entitled to recover his full costs against those who are convicted. This construction applies to the second section of our act. To remedy the hardship and injustice resulting from the construction of the statutes referred to, the act of 8 & 9 William III. c. 11, was passed, of which the *tenth* section of our act is a transcript; which provides that where several persons are made defendants to any action of trespass, assault, false imprisonment, or ejectment, and *any one* or more of them shall be upon the trial thereof acquitted by verdict, every person so acquitted shall recover his costs of suit in like manner as if a verdict of acquittal had been given in favor of *all* the defendants, unless the judge shall certify, &c. It is contended by the plaintiff that this section applies only where an acquitted defendant has plead *separately;* and that Robert Sedgwick having join-

ed in the plea of not guilty, with Henry D. Sedgwick, and the latter having been found guilty by the jury, the former looses the benefit of this section. We find no case supporting such a distinction, and consider it in conflict with both the spirit and terms of the act. Robert Sedgwick therefore having upon the trial been acquitted by verdict, and he and Henry D Sedgwick having succeeded upon a plea adjudged good by demurrer, which, as before observed, is equivalent to a finding by a jury in their favor upon an issue joined, they are entitled to their full costs; a single bill of costs however, for both defendants, is only to be taxed.